OPINION *Page 2 
{¶ 1} Appellant Yvonne Michelle Rader appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, which denied the issuance of a civil protection order against Appellee Mark Dale Rader, regarding the parties' daughter. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 11, 2006, appellee and Linda Smart, appellant's mother, were at the Rader home with the parties' three and one-half year old daughter. That evening, the child was asked by appellee to pick up her book bag, which was lying in the garage, and bring it into the house. The child refused. Appellee thereupon spanked the child several times with his hand, and immediately thereafter hit her several times in the buttocks with a piece of wood trim. Appellee later testified that he hit his daughter a maximum of five times with his hand, and two or three times with the wood trim piece. Tr. at 57-58, 67. Appellant's mother, however, stated she overheard thirty "hits," although she did not see the incident. Tr. at 21-22. Afterward, she looked at the child's buttocks, and observed redness, swelling and bruising, as well as two lacerations near the small of the child's back. Tr. at 24.
 {¶ 3} The child was examined by her pediatrician, Dr. Nadine Cox, the next day. Dr. Cox observed purple bruising, about five centimeters in width, across both of the girl's buttocks. Tr. at 8-9. Dr. Cox also noted an open abrasion on one of the girl's buttocks. Tr. at 13-14. *Page 3 
 {¶ 4} On September 13, 2006, appellant filed a request for a civil protection order on behalf of the parties' daughter, citing the aforesaid incident.[1] The court issued an ex parte civil protection order, and the matter was set for a full hearing on September 22, 2006. After hearing the evidence on that date, the magistrate issued a decision finding that a CPO was warranted.
 {¶ 5} Appellee timely filed an objection to the decision of the magistrate. Appellee therein noted, inter alia, that appellant had herself spanked the child later in the day on September 11, 2006. Appellee also advised the court that appellee had filed for divorce a few days after the incident in question. Upon review, the trial court concluded that appellee's actions did not create a substantial risk of serious physical harm to the child and did not create "physical harm to the child's health or welfare." See Trial Court Opinion, November 29, 2006, at 3. The court issued a judgment entry on January 3, 2007, ruling that a civil protection order was not warranted.
 {¶ 6} On January 9, 2007, appellant filed a notice of appeal. She herein raises the following four Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CIVIL PROTECTION ORDER BECAUSE THE APPELLANT DID SUFFICIENTLY ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT APPELLEE'S CONDUCT CREATED A SUBSTANTIAL RISK OF SERIOUS PHYSICAL HARM TO THE CHILD AND BECAUSE THE DENIAL IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. *Page 4 
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT DENIED THE ISSUANCE OF THE CPO BECAUSE THE EVIDENCE PRESENTED PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE CHILD SUFFERED SERIOUS PHYSICAL HARM.
 {¶ 9} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THAT THE CHILD IN THIS CASE WAS NOT AN ABUSED CHILD UNDER R.C. 2151.031(D).
 {¶ 10} "IV. THE COURT ABUSED ITS DISCRETION WHEN IT DENIED THE CPO BECAUSE IT WROTE INTO 2919.22 THE REQUIREMENT THAT A PATTERN OF ABUSE BE SHOWN."
 I., II., III., IV. {¶ 11} In her First, Second, Third and Fourth Assignments of Error, appellant argues on various bases that the trial court erred in denying her request for a CPO on behalf of the parties' child. We disagree.
 {¶ 12} A person seeking a civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence. Felton v. Felton (1997), 79 Ohio St.3d 34. Ohio's civil domestic violence statutory scheme provides remedies which are specifically "in addition to, and not in lieu of, any other available civil or criminal remedies." LeBeau v. LeBeau (Oct. 29, 2001), Stark App. No. 2001CA00111. See, also, R.C. 3113.31(G).
 {¶ 13} Domestic violence is defined by R.C. 3113.31(A), and includes, for purposes of the present appeal, "[c]ommitting any act [against a family or household member] with respect to a child that would result in the child being an abused child, as *Page 5 
defined in section 2151.031 of the Revised Code" R.C. 3113.31(A)(1)(c). An "abused child" is defined under R.C. 2151.031, in pertinent part, as including any child who:
 {¶ 14} " * * *
 {¶ 15} "(C) Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it. Except as provided in division (D) of this section, a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child is not an abused child under this division if the measure is not prohibited under section 2919.22 of the Revised Code.
 {¶ 16} "(D) Because of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare."
 {¶ 17} Finally, the cross-reference to corporal punishment in subsection (C), above, is found in R.C. 2919.22 (B)(3): "No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age: * * * Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint isexcessive under the circumstances and creates a substantial risk ofserious physical harm to the child." (Emphases added). *Page 6 
 {¶ 18} In the case sub judice, the trial court indicated it could "accept that [appellee's] actions fell within the area of excessive," but concluded that the evidence did not show that appellee's punishment created a substantial risk of serious physical harm to the girl. Trial Court Opinion, November 29, 2006, at 2. Secondly, the trial court was unable to find, in reference to R.C. 2151.031(D), that "[appellee's] actions created physical harm [sic] to the child's health or welfare." Id. at 3.
 {¶ 19} A judgment supported by competent and credible evidence going to all the elements of the case must not be reversed by a reviewing court as being against the manifest weight of the evidence. Masitto v.Masitto (1986), 22 Ohio St.3d 63. Furthermore, "[t]he Revised Code does not specifically define what actions constitute the abuse of a child. Thus, the trial court, in its broad discretion, is to make its determination of abuse on a case-by-case basis." In re Schuerman (1991),74 Ohio App.3d 528, 531. The parameters of a trial court's discretion must also encompass the determination of whether a CPO is actually necessary to ensure the family member's protection. See LeBeau, supra. A trial court additionally has broad discretion in determining whether to overrule or sustain an objection to a magistrate's decision. Remmer v.Peshek (Sept. 30, 1999), Mahoning App. No. 97-CA-98. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 20} Upon review of the record in this matter, while we share the trial court's overall concern that appellee used excessive punishment in this instance, we are unpersuaded the court abused its discretion in denying the issuance of a CPO. We *Page 7 
further hold the trial court properly followed the requisite statutory scheme in reaching its decision. Appellant's First, Second, Third and Fourth Assignments of Error are therefore overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.
Costs to appellant.
[1] Under R.C. 3113.31(C), "[a] person may seek relief under this section on the person's own behalf, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court." *Page 1