OPINION *Page 2 
{¶ 1} Appellant Linda B. Folmar appeals the decision of the Delaware County Court of Common Pleas, which granted summary judgment in favor of Defendant-Appellee Raymond E. Griffin. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 3, 2005, Appellant Folmar filed a civil complaint against Appellee Griffin, her former fianc É, for assault, battery, and negligent and/or intentional infliction of emotional distress. Appellant therein alleged that as a result of a physical altercation in Licking County on July 14, 2004, appellant had suffered serious and permanent injuries. On February 3, 2005, appellee filed an answer and counterclaim alleging assault, battery, trespass to chattels, negligence, defamation, and intentional infliction of emotional distress. The counterclaim alleged both physical injury and severe emotional and psychological distress.
 {¶ 3} On March 28, 2005, Intervenor State Farm filled a motion to intervene in order to determine its coverage responsibilities.
 {¶ 4} During the discovery phase, issues arose regarding the release of certain medical records. This led to an appeal (with Appellee Griffin as the appellant) in which we remanded the case to the court for further proceedings consistent with said opinion. See Folmar v. Griffin,166 Ohio App.3d 154, 849 N.E.2d 324, 2006-Ohio-1849.
 {¶ 5} State Farm thereafter filed a motion for summary judgment. On March 1, 2007, the trial court granted State Farm summary judgment, determining that it had no duty to indemnify.
 {¶ 6} Appellee also filed a motion for summary judgment, seeking a determination that appellant's claims were barred by res judicata, or, if res judicata did *Page 3 
not apply, that partial summary judgment be granted in appellee's favor as to appellant's claim for negligent and/or intentional infliction of emotional distress. On March 1, 2007, the trial court granted appellee summary judgment as to appellant's claim of negligent infliction of emotional distress, but denied appellee summary judgment on as to claim of intentional infliction of emotional distress. The trial court also denied appellee's request for summary judgment on res judicata grounds. However, on May 23, 2007, upon reconsideration, the court changed its position and granted appellee summary judgment as to all of appellant's claims, based on the doctrine of issue preclusion.
 {¶ 7} In the meantime, appellee, with leave of court, filed an amended answer to add the affirmative defense of self-defense. On June 6, 2007, appellee filed a notice of dismissal of his remaining counterclaims, pursuant to Civ. R. 41.
 {¶ 8} On June 8, 2007, appellant filed a notice of appeal. She herein raises the following six Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR RECONSIDERATION OF THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT REQUESTING SUMMARY JUDGMENT ON THE PLAINTIFF-APPELLANT'S CLAIMS OF ASSAULT, BATTERY, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.
 {¶ 10} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THIRD PARTY INTERVENOR STATE FARM ON INTERVENOR STATE FARM'S REQUEST FOR DECLARATORY JUDGMENT.
 {¶ 11} "III. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT LEAVE OF COURT TO FILE A SECOND AMENDED ANSWER. *Page 4 
 {¶ 12} "IV. THE TRIAL COURT ERRED IN REFUSING TO GRANT THE PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT.
 {¶ 13} "V. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT SUMMARY JUDGMENT ON THE PLAINTIFF'S CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.
 {¶ 14} "VI. THE TRIAL COURT ERRED IN GRANTING THE MOTION OF THIRD PARTY INTERVENOR STATE FARM TO STRIKE THE TRIAL TRANSCRIPTS FILED BY THE PLAINTIFF."
 I. {¶ 15} In her First Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of appellee, as to appellant's claims, after reconsidering its earlier summary judgment decision. We agree.
 {¶ 16} As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. Porter v. Ward, Richland App. No. 07 CA 33, 2007-Ohio-5301, ¶ 34, citing Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. Civ. R. 56(C) provides, in pertinent part:
 {¶ 17} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that *Page 5 
reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * "
 {¶ 18} To reiterate, on March 1, 2007, the trial court granted appellee summary judgment as to appellant's claim of negligent infliction of emotional distress, but denied appellee summary judgment as to the claim of intentional infliction of emotional distress. The trial court also denied appellee's request for summary judgment on res judicata grounds. However, on May 23, 2007, upon reconsideration, the court changed its position and granted appellee summary judgment as to all of appellant's claims, based on the doctrine of issue preclusion.
 {¶ 19} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. ParkmanTownship (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (Citations omitted). The doctrine of collateral estoppel/issue preclusion is the more restrictive aspect of the general theory of res judicata.Williams v. Chippewa Roofing, Inc. (Aug. 20, 1997), Medina App. No. 96CA0089, citing Walden v. State (1989), 47 Ohio St.3d 47, 51,547 N.E.2d 962, and Goodson v. McDonough Power Equip., Inc. (1983),2 Ohio St.3d 193, 195, 443 N.E.2d 978. Collateral estoppel cannot be applied unless the identical issue was (1) actually litigated, (2) directly determined, and (3) essential to the prior judgment. Id., citingGoodson v. McDonough Power Equip., Inc., supra, at 201, 443 N.E.2d 978, and Hendrix v. Nationwide Ins. Co. (Dec. 11, 1991), Summit App. No. 15164. *Page 6 
 {¶ 20} In the case sub judice, the trial court was aware that that Licking County Magistrate William Rickrich had issued a decision in that court on September 22, 2004, recommending that appellant's CPO petition be dismissed. The decision, which was adopted by the Licking County court without objection on October 7, 2004, included the finding that appellee failed to show appellant had perpetrated acts of domestic violence against her. See Licking County Magistrate's Decision, September 22, 2004, at 2-3.
 {¶ 21} We recognize that the Licking County CPO proceeding properly utilized a burden of proof of preponderance of the evidence (see, e.g.,Rader v. Rader, Licking App. No. 07 CA 5, 2007-Ohio-4288, ¶ 12), as would the present tort claim. However, the Licking County proceedings appear to have inordinately focused on the issue of whether a particular incident of domestic violence had or had not occurred; the broader focus should have been whether the "petitioner or petitioner's family or household members are in danger of domestic violence." Felton v.Felton (1997), 79 Ohio St.3d 34, 42, citing R.C. 3113.31(D) (emphasis added). As such, we hold the Licking County finding that domestic violence had not occurred on July 14, 2004, while certainly relevant, was not "essential" to the Licking County judgment denying the CPO. SeeGoodson, supra. Furthermore, in Hoff v. Brown (July 30, 2001), Stark App. No. 2000CA00315, we concluded "* * * the reason for asserting [claims] in the [CPO] petition is not to seek unnecessary repeat judgments against the perpetrator, rather it is to ensure the safety of the victim." Id.
 {¶ 22} Accordingly, we hold the trial court erroneously granted summary judgment in the present tort action in favor of appellee, by giving preclusive effect to the Licking County CPO findings. Appellant's First Assignment of Error is sustained. *Page 7 
 II. {¶ 23} In her Second Assignment of Error, appellant argues the trial court erred in granting, via summary judgment, Intervenor State Farm's motion for declaratory judgment. We disagree.
 {¶ 24} Appellant specifically contends that the only request State Farm presented under its declaratory judgment claim was for a determination that it has no duty to indemnify appellee from a judgment against appellee in the case at hand. Appellant, referencing Ohio Supreme Court case law, urges that "[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote." Mid-American Fire Cas. Co. v. Heasley, 113 Ohio St.3d 133, 863 N.E.2d 142,2007-Ohio-1248, ¶ 9, quoting League for Preservation of Civil Rights v.Cincinnati (1940), 64 Ohio App. 195, 197, 17 O.O. 424, 28 N.E.2d 660, quoting Borchard, Declaratory Judgments (1934) 40.
 {¶ 25} Nonetheless, "[i]t is axiomatic that an insurer may maintain a declaratory judgment action to determine its rights and obligations under a contract of insurance." Cincinnati Indemn. Co. v. Martin (1999),85 Ohio St.3d 604, 605, 710 N.E.2d 677, citing Preferred Risk Ins. Co.v. Gill (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, paragraph one of the syllabus. Appellant's reliance on Heasley is misplaced, as no justiciable controversy existed in that case because the insured had dismissed his lawsuit and he could not refile risking a frivolous claim or subjecting counsel to sanctions. See Heasley
at ¶ 11. *Page 8 
 {¶ 26} Upon review, we find no error in this case in the allowance and subsequent granting of Intervenor State Farm's motion for declaratory judgment. Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 27} In her Third Assignment of Error, appellant argues the trial court erred in granting appellee's motion for leave to file a second amended answer, raising the affirmative defense of self-defense. We disagree.
 {¶ 28} The decision to deny a motion for leave to amend a pleading is within the discretion of the trial court. Ferguson v. Walsh, Franklin App. No. No. 02AP-1231, 2003-Ohio-4504, ¶ 30, citing DiPaolo v.DeVictor (1988), 51 Ohio App.3d 166, 170, 555 N.E.2d 969. Consequently, the scope of appellate review is limited to determining whether the trial court abused its discretion. Id., citing Wilmington SteelProducts, Inc. v. Cleveland Elec. Illuminating Co. (1991),60 Ohio St.3d 120, 122, 573 N.E.2d 622.
 {¶ 29} Appellee's motion to amend his answer was not filed until the trial court had issued its summary judgment entry of March 1, 2007 (which was thereafter reconsidered by the court). Appellant presently argues that " * * * allowing the Defendant-Appellee to amend his answer at that stage of the litigation would have undoubtedly caused the Plaintiff-Appellant to suffer undue prejudice if this case had proceededto trial." Appellant's Brief at 20 (emphasis added).
 {¶ 30} Accordingly, we find further redress of the present assigned error would be premature at this time.
 {¶ 31} Appellant's Third Assignment of Error is therefore denied. *Page 9 
 IV. {¶ 32} In her Fourth Assignment of Error, appellant contends the trial court erred in refusing to grant her motion to file an amended complaint. We disagree.
 {¶ 33} If a trial court fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled.Swinehart v. Swinehart, Ashland App. No. 06-COA-020, 2007-Ohio-6174, ¶ 26, quoting State v. Guenther, Lorain App. No. 06CA008914,2007-Ohio-681, ¶ 12. A trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. Darulis v. Ayers (Feb. 2, 1999), Stark App. No. 1996CA00398, citing Cselpes v. Cleveland Catholic-Diocese
(1996), 109 Ohio App.3d 533, 541, 672 N.E.2d 724. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 34} Civ. R. 15(A) reads as follows:
 {¶ 35} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response *Page 10 
to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."
 {¶ 36} The Ohio Supreme Court has held that "it is an abuse of discretion for a court to deny a motion, timely filed, * * *, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed." Peterson v. Teodosio (1973), 34 Ohio St.2d 161,297 N.E.2d 113, paragraph six of the syllabus.
 {¶ 37} Here, appellant claims her requested amendments "only attempted to clarify" her causes of action. Appellant's Brief at 23. However, she delayed the attempt to amend her complaint to add negligence until after the trial court had granted summary judgments against her and in favor of appellee (on the claim of negligent infliction of emotional distress) and Intervenor State Farm (on its request that it owed no duty to indemnify). This was after nearly two and one-half years of this case's progression on the docket. Furthermore, "there must be at least aprima facie showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic, nor one which would cause prejudice to the defendant."Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co., supra, syllabus.
 {¶ 38} Upon review, we hold the trial court did not abuse its discretion in denying appellant's motion to amend her complaint.
 {¶ 39} Appellant's Fourth Assignment of Error is overruled. *Page 11 
 V. {¶ 40} In her Fifth Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of appellee, as to appellant's claim of negligent infliction of emotional distress. We disagree.
 {¶ 41} In Paugh v. Hanks (1983), 6 Ohio St.3d 72, the Ohio Supreme Court held: "A cause of action may be stated for the negligent infliction of serious emotional distress without the manifestation of a resulting physical injury. Proof of a resulting physical injury is admissible as evidence of the degree of emotional distress suffered."
 {¶ 42} Here, the record before us reveals that appellant's negligent infliction of emotional distress claim does not arise out of an accident. Rather, appellant alleged that she was violently attacked and assaulted by appellee. (Complaint at ¶¶ 10-11.) Appellant further alleged that appellee acted willfully and maliciously, "with spite and ill will." (Id. at ¶ 303.) As observed by the trial court, "[i]n this case, the factual scenario is not akin to those in other negligent infliction of emotion[al] distress cases." (Decision and Entry, March 1, 2007, at p. 5). We concur with the trial court's assessment on this issue.
 {¶ 43} Appellant's Fifth Assignment of Error is therefore overruled.
 VI. {¶ 44} In her Sixth Assignment of Error, appellant contends the trial court erred in granting Intervenor State Farm's motion to strike a transcript from appellee's criminal domestic violence and assault trial in Licking County Municipal Court.
 {¶ 45} On September 15, 2006, State Farm filed a motion for summary judgment as to its request for declaratory judgment. On October 24, 2006, appellant filed her *Page 12 
response to said motion, therein relying on portions of the transcript from appellee's criminal trial, which had occurred in November 2004 in Licking County Municipal Court. On November 2, 2006, State Farm moved to have the transcript stricken, which the trial court granted, holding that it could be used only for impeachment purposes.
 {¶ 46} Appellant attempted to utilize appellee's criminal trial testimony to oppose State Farm's summary judgment motion. In light of our above conclusions that summary judgment was properly granted in favor of State Farm in its declaratory judgment request, we find issues pertaining to State Farm's coverage responsibility in the present assigned error moot on appeal. As an appellate court, we are not required to render an advisory opinion or to rule on a question of law that cannot affect matters at issue in the present case. See State v.Bistricky (1990), 66 Ohio App .3d 395, 397, 584 N.E.2d 75.
 {¶ 47} Appellant's Sixth Assignment of Error is found moot.
 {¶ 48} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed in part, reversed in part, and remanded. By: Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinion.
 Costs to be split evenly between appellant and appellee. *Page 1