OPINION *Page 2 
{¶ 1} Appellant, Adam Boylen, brought an action for declaratory judgment, injunctive relief and monetary damages against appellees alleging that the appellees improperly removed funds from his inmate account for the collection of court costs. The trial court dismissed appellant's complaint for lack of subject matter jurisdiction and failure to establish in the complaint that appellant's administrative remedies had been exhausted. Appellant appeals the trial court's dismissal for lack of jurisdiction.
 STATEMENT OF FACTS AND CASE {¶ 2} Plaintiff-Appellant is an inmate at Mansfield Correctional Institution serving a thirteen year sentence pursuant to a negotiated plea agreement. Appellant appealed the negotiated sentence in State v.Boylen, Stark App. Nos. 2003CA00304 and 2003CA00305. On March 15, 2004, this Court affirmed the trial court.
 {¶ 3} On August 27, 2007, the Department of Rehabilitation and Corrections, by and through the account clerk, Janet Hamilton, notified the appellant that the institution had received a certified copy of the decision of the Fifth District Court of Appeals and provided the appellant with copies of the costs bills for the action in the amount of one hundred and ninety two dollars and ninety four cents ($192.94). The certified documents had been provided to the institution by the Stark County Clerk of Courts for the collection of the costs of prosecuting the appeal. Appellant was also notified that the Institution intended to withdraw money from his inmate account to be applied toward the court costs. Finally, appellant was notified that, pursuant to Ohio Administrative Code Section 5120-9-31, he had the right to participate in an administrative appeal and *Page 3 
grievance process in which he could set forth either an exemption or a defense to the collection of the costs.
 {¶ 4} On August 30, 2007, appellant pursued his administrative remedy and submitted a timely "Notice of Objection to the Judgment of Payment" to the Warden's Collection Designee, Gordon Lane. On September 7, 2007, Mr. Lane determined that the court order and other documents authorized the Institution to withdraw money from the appellant's inmate account. Thereafter, the institution issued payment in the amount of thirty-nine dollars and eight cents ($39.08) from appellant's inmate account towards the court costs.
 {¶ 5} On September 12, 2007, appellant filed a "Notification of Grievance" with the Inspector's Office.
 {¶ 6} On September 27, 2007, appellant filed a civil complaint in the Richland County Court of Common Pleas for declaratory judgment, injunctive relief and money damages against the Ohio Department of Rehabilitation and Corrections, the Mansfield Correctional Institution, Warden Stuart Hudson, Account Clerk Janet Hamilton, Stark County Clerk of Courts, Nancy Reinbold, and the Chief Fiscal Officer of the Stark County Clerk of Courts, Jo-Ann Murphy.
 {¶ 7} In the complaint, appellant argued that funds had been improperly withdrawn from his inmate account to satisfy his court costs to the Stark County Court of Common Pleas. Specifically, appellant argued that R.C. 2969.22 does not authorize the Stark County Clerk of Courts to pursue the collection of the court costs for a criminal appeal, that the Department of Rehabilitation and Correction had failed to follow the procedures set forth in OAC 5120-9-31 and that OAC 5120-9-31 violates due process *Page 4 
and is, therefore, unconstitutional. As relief for the alleged wrongful acts of the state employees and agencies, the appellant sought a temporary injunction or restraining order to prevent any further withdrawal of funds from appellant's inmate account while the case was pending before the trial court, a declaration that R.C. 2969.22 only authorizes the common pleas clerk of courts to pursue the collection of costs for civil matters, a declaration that OAC 5120-9-31 violates a prisoner's due process rights and is, therefore, unconstitutional or in the alternative that the prison had failed to follow the guidelines set forth in OAC 5120-9-31, punitive damages in the amount of $500.00 and compensatory damages in the amount of $39.08.
 {¶ 8} In what appears to be an effort to comply with the mandates of R.C. 2969.26(A), appellant attached an affidavit to the complaint indicating an appeal regarding collection of court costs from his account had been filed with the Mansfield Correctional Institution on August 30, 2007. He further stated, on September 7, 2007, the Deputy Warden of Administration of the Mansfield Correctional Institution refused to grant relief holding that the institution "was authorized" to garnish the inmates account for the payment of court costs. In the affidavit, the appellant further stated: "I continue to exhaust the administrative remedies with appeals, but have filed the instant action due to its immediate need in being addressed; or unless otherwise ordered by the court to finish while the action is stayed."
 {¶ 9} On October 24, 2007, appellees, Nancy Reinbold, Stark County Clerk of Courts, and Jo-Ann Humphrey, Chief Fiscal Officer of the Stark County Clerk of Courts, filed a motion to dismiss the appellant's complaint for lack of subject matter jurisdiction. In the motion to dismiss, appellees argued they properly sent a notice to Mansfield *Page 5 
Institution pursuant to R.C. 2969.22 for the collection of inmate funds. They further stated in order to appeal the collection of funds an appellant must first follow the appeal process set forth in O.A.C. 5120-9-31. They stated, according to paragraph 20 of the appellant's complaint he has filed such an appeal and the administrative process was still proceeding. As such, appellees argued the complaint should be dismissed for lack of subject matter jurisdiction for appellant's failure to exhaust his administrative.
 {¶ 10} On November 2, 2007, appellees, the Ohio Department of Rehabilitation and Correction, Warden Stuart Hudson and Janet Hamilton filed a Motion to Dismiss the appellant's complaint pursuant to Civ. R. 12(B)(1). In the motion to dismiss, appellees argued the matter should be dismissed for lack of jurisdiction because the court of claims has exclusive jurisdiction over a civil action against state agencies and employees for money damages. Appellees also argued the trial court lacked subject matter jurisdiction because appellant failed to establish he had exhausted his administrative remedies prior to filing his complaint as required by R.C. 2969.26(A).
 {¶ 11} On November 15, 2007, without first seeking leave of court, appellant filed an amended complaint. The amended complaint asserted the same arguments as the initial complaint, deleted a request for punitive damages and amended the compensatory damages to $42.34.
 {¶ 12} On December 6, 2007, appellees, the Ohio Department of Rehabilitation and Correction, Stuart Hudson and Janet Hamilton filed a joint motion to strike appellant's amended complaint. In support, appellees argued appellant had failed to comply with Civ. R. 15 (A) by not obtaining leave of court prior to filing the amended complaint. *Page 6 
 {¶ 13} On December 14, 2007, appellant filed a motion for summary judgment arguing appellee had not timely responded to his amended complaint.
 {¶ 14} On December 17, 2007, appellant filed a "Notice." In the notice, appellant stated his administrative remedies in relation to the matter had been exhausted. Appellant's "notice" stated that a review of his appeal had been taken and the decision had been affirmed by the Office of the Chief Inspector. Appellant attached the "Decision of the Chief Inspector on a Grievance Appeal." In the decision, the chief inspector stated as follows: "You complain that institution staff has wrongly taken funds from your account from a court judgment that does not state it is a court order to make payment of any cost. In reviewing the grievance appeal and the documentation presented to this office, and of the department's administrative rule and policy in this matter. I cannot find where the institution has violated department policy or administrative rule in this instance. As such, I find the Inspector has appropriately responded to your complaint."
 {¶ 15} On January 9, 2008, appellees Nancy Reinbold, Stark County Clerk of Courts, and Jo-Ann Humphrey, Chief Fiscal Officer of Stark County Clerk of Courts, filed a motion to strike appellant's amended complaint for failure to first seek leave from the trial court to plead.
 {¶ 16} On January 31, 2008, the appellees filed a motion to stay the trial court's decision on appellant's summary judgment motion pending the trial court's determination on the motions to strike.
 {¶ 17} On February 14, 2008, the trial court held a non-oral hearing on appellant's motion for summary judgment and appellees' motions to strike the amended complaint and motions to dismiss. Upon review, the trial court held, based upon the *Page 7 
decisions in Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. Of ZoningAppeals (2001), 91 Ohio St. 3d 174, 177, 743 N.E. 2d 894 andHarrison v. Ohio State Med. Bd. (1995), 103 Ohio App. 3d 317,659 N.E. 2d 368 and R.C. 2969.22, appellant's exclusive remedy lay in the administrative process and that the trial court lacked jurisdiction to grant the requested relief. The trial court further denied appellant's motion for summary judgment, granted the motion to strike appellant's amended complaint and granted appellees' motions to dismiss for lack of jurisdiction. A subsequent judgment of dismissal of the action was filed on February 15, 2008.
 {¶ 18} Appellant now seeks to appeal the trial court's judgment setting forth the following assignments of error:
 {¶ 19} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN THE COURT DISMISSED THIS ACTION BY HOLDING IT WAS WITHOUT SUBJECT MATTER JURISDICTION TO GRANT THE REQUESTED RELIEF.
 {¶ 20} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN THE COURT DENIED AND ORDERED STRICKEN APPELLANT'S AMENDED COMPLAINT AND MOTION FOR SUMMARY JUDGMENT FOR FAILING TO FIRST OBTAIN LEAVE PURSUANT TO CIVIL RULE 15.
 {¶ 21} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED A SECOND OR SUBSEQUENT JUDGMENT ENTRY AFTER PREVIOUSLY FINDING IN ITS PRIOR JUDGMENT ENTRY THAT THE COURT WAS WITHOUT SUBJECT MATTER JURISDICTION." *Page 8 
 {¶ 22} This case comes to us on the accelerated calendar governed by App. R. 11 which states the following in pertinent part:
 {¶ 23} "(E) Determination and judgment on appeal
 {¶ 24} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12 (A) for the statement of the reasons for the court's decision as to each error to be in brief and conclusionary form."
 I {¶ 25} In the first assignment of error, the appellant argues that the trial court erred by dismissing his complaint for lack of subject matter jurisdiction. Although the trial court's judgment entry is confusing, it appears that the trial court dismissed appellant's complaint for failure to exhaust his administrative remedies as required by R.C. 2969.26(A). As such, we agree with the trial court's decision for the reasons that follow.
 {¶ 26} Civ. R. 12(B)(1) states as follows:
 {¶ 27} "Every defense, in law or fact, a claim for relief in any pleading, whether a claim, counterclaim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of subject matter jurisdiction over the subject matter."
 {¶ 28} Civ. R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal pursuant to Civ. R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint.Milhoan v. E. Local School Dist. Bd. of Edn., *Page 9 157 Ohio App.3d 716, 2004-Ohio-3243, at ¶ 10; McHenry v. Indus. Comm, (1990),68 Ohio App. 3d 56, 587 N.E. 2d 414. We review an appeal of a dismissal for lack of subject-matter jurisdiction under Civ. R. 12(B)(1) de novo. Kramer v.Installations Unlimited, Inc. (2002), 147 Ohio App. 3d 350,2002-Ohio-1844, 770 N.E. 2d 632. Moore v. Franklin Cty. ChildrenServs., Franklin App. No. 06AP-951, 2007-Ohio-4128, at ¶ 15.
 {¶ 29} Ohio Administrative Code Section 5120-9-31 sets forth the administrative process which must be followed by an inmate in order to appeal the collection of costs once notice of the garnishment has been provided to the inmate by the institution. First, the prisoner must file an informal complaint with the direct supervisor of the staff member or with the department most directly responsible for the particular subject matter of the prisoner's complaint. If the prisoner is dissatisfied with the informal complaint response, the prisoner may obtain a notification of grievance form from the inspector of institutional services. If the prisoner is not satisfied with the disposition of grievance, the prisoner may request an appeal form from the inspector. The appeal must then be filed to the office of the chief inspector. The rule states that the decision of the chief inspector is final.
 {¶ 30} R.C. 2969.26(A) requires that the prisoner pursuing a cause of action in a trial court must file, with the complaint, an affidavit stating that a grievance in accordance with O.A.C. 5120-9-31 has been filed with the correctional institution, the date the prisoner received a decision on the grievance and a copy of the written decision. Compliance with R.C. 2969.26(A) is mandatory. See Warwick v. DeWitt
(Jan. 15, 2002), Ross App. No. 01CA2613; State ex rel. Zanders v. OhioParole Bd. (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel.Alford v. Winters (1997), *Page 10 80 Ohio St.3d 285, 685 N.E.2d 1242. Furthermore, failure to follow the mandates of R.C. 2969.26(A) warrants a dismissal of the prisoner's action.
 {¶ 31} In this case, the record reflects that the appellant's initial complaint failed to satisfy the requirements of R.C. 2969.26(A) and failed to invoke the jurisdiction of the trial court. Appellant admitted in the affidavit attached to his complaint that his grievance procedure pursuant to O.A.C. 5120-9-31 was still proceeding before the Office of the Inspector and a final decision had not been made by the Inspector's Office. As such, appellant's complaint was defective for appellant's failure to comply with the mandatory requirements of R.C. 2969.26(A).
 {¶ 32} Furthermore, appellant never moved to amend his complaint to include an affidavit and documentation in compliance with R.C. 2969.26(A). Although appellant filed a "notice" which included a form titled "Decision from the Chief Inspector on a Grievance Appeal" and stated that appellant had exhausted his administrative remedies, the notice was filed after the appellees' motions to dismiss for lack of jurisdiction, was insufficient to amend the complaint pursuant to Civ. R. 15(A) and failed to cure the jurisdictional defect in appellant's complaint.
 {¶ 33} For these reasons, we find that the trial court did not err in dismissing appellant's complaint for lack of jurisdiction. Accordingly, appellant's first assignment of error is hereby overruled.
 II {¶ 34} In the second assignment of error, the appellant argues that the trial court abused its discretion in denying him leave to amend his complaint and in granting the appellees' motions to strike his amended complaint. *Page 11 
 {¶ 35} Having concluded, in the first assignment of error, that the trial court's dismissal of the cause of action for lack of subject matter jurisdiction was correct, we find the second assignment of error to be moot. As an appellate court, we are not required to render an advisory opinion or to rule on a question of law that cannot affect matters at issue in the present case. Fomar v. Griffin, Delaware App. No. CAE06 0025, 2008-Ohio-2941. See also, State v. Bistricky (1990),66 Ohio App.3d 395, 397, 584 N.E.2d 75.
 III {¶ 36} In the third assignment of error, the appellant argues that the trial court lacked jurisdiction to enter a subsequent judgment on February 15, 2008.
 {¶ 37} Civ. R. 60(B) allows a court to correct clerical mistakes in judgments "at any time on its own initiative." Since the court may correct a clerical mistake at any time the trial court did not err in sua sponte ordering appellant to pay the costs of the action. *Page 12 
 {¶ 38} Additionally, assuming arguendo, the other issues addressed by the trial court are substantive, we find them to be moot.
 {¶ 39} The decision of the Richland County Court of Common Pleas is hereby affirmed.
 Edwards, J. Delaney, J. concur and Hoffman, P.J. concurs separately *Page 13