[Cite as *Bressler v. Nunemaker*, 2017-Ohio-5804.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMIE L. BRESSLER | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHAD L. NUNEMAKER | : | Case No. 17-CA-06 |
| | : | |
| Respondent- Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
Court of Common Pleas, Domestic
Relations Division, Case No. 2016
DR 00927 DF

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 11, 2017

APPEARANCES:

For Plaintiff-Appellee      For Respondent-Appellant

STEVEN J. KOKENSPARGER      STEPHEN B. WILSON
Kokensparger Ryan Legal Group      35 South Park Place, Suite 150
140 Mill Street, Suite B      Newark, Ohio 43055
Gahanna, Ohio 43230

*Baldwin, J.*

{¶1}   Appellant Chad L. Nunemaker appeals a judgment of the Licking County Common Pleas Court, Domestic Relations Division, granting appellee Jamie L. Bressler a civil protection order (CPO) for a period of two years.

## STATEMENT OF THE FACTS AND CASE

{¶2}   The parties lived together for about three years prior to separating in 2016. On September 2, 2016, appellee filed a petition for a civil protection order against appellant.  An ex parte order was issued the same day, and the matter was set for hearing before a magistrate.

{¶3}   The hearing was held before a magistrate on October 14, 2016.  The magistrate denied the CPO, finding that appellee's alleged fear that appellant would harm her now that the relationship had ended was not credible, and that there was evidence that the relationship was not as volatile as she attempted to make it appear.  The magistrate found that appellee did not prove by a preponderance of the evidence that appellant committed a recent act of domestic violence as defined by R.C. 3113.31(A)(1). The trial court approved the magistrate's decision and entered judgment dismissing the ex parte order.

{¶4}   Appellee filed objections.  After reviewing the evidence presented at the hearing, the trial court filed a detailed opinion rejecting the magistrate's decision and issuing the CPO.  The court first concluded that there is no requirement that a petitioner prove a recent act of domestic violence, as espoused by the magistrate. The court further concluded upon a review of the testimony and exhibits presented at the hearing that appellee proved by a preponderance of the evidence that appellant knowingly caused,

attempted to cause or recklessly caused bodily injury to her, committing an act of domestic violence as defined by R.C. 3113.31; that appellant placed appellee in fear of imminent physical harm by the threat of force or by committing a violation of R.C. 2903.211 or 2911.211, and that appellee is in danger of domestic violence by appellant.

**{¶5}** Appellant assigns a single error:

**{¶6}** "THE TRIAL COURT ERRED IN GRANTING A CIVIL PROTECTION ORDER TO PETITIONER, JAMIE L. BRESSLER."

**{¶7}** Appellant argues that the court's decision is against the manifest weight of the evidence.

**{¶8}** Civ. R. 65.1 governs civil protection orders. When the matter is referred to a magistrate, the magistrate's denial or granting of a protection order after a full hearing does not constitute a magistrate's order or a magistrate's decision under Civ. R. 53(D) and is not subject to the requirements of Civ. R. 53. Civ. R. 65.1(F)(3)(b). Upon review of a magistrate's denial or granting of a protection order after a full hearing, the court may modify or reject the magistrate's order. Civ. R. 65.1(F)(3)(c)(iii). The court's order is a final, appealable order; however, a party must file timely objections to the order pursuant to division (F)(3)(d) of the rule prior to filing an appeal. Civ. R. 65.1(G).

**{¶9}** Appellant argues that the court erred in rejecting the magistrate's denial of the civil protection order because the magistrate found appellee's testimony to not be credible, and the magistrate was in a better position than the trial court to determine the credibility of witnesses. However, a trial court need not defer to the magistrate's determinations regarding witness credibility. *In the matter of A.M.,* 2nd Dist. Greene No. 2009-CA-06, 2010-Ohio-948, ¶13. Although the instant case proceeded under Civ. R.

65.1 rather than Civ. R. 53, nothing in Civ. R. 65.1 suggests that upon objections, the court is required to defer to the magistrate's determination of credibility. Civ. R. 65.1(F)()3)(c)(iii) gives the court the authority to modify or reject the magistrate's order, without any restrictions on the court's ability to reach its own conclusions concerning credibility.

{¶10} In Ohio, a person seeking a civil protection order under R.C. 3113.31 must prove domestic violence or danger of domestic violence by a preponderance of the evidence. *Felton v. Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672 (1997). Generally, a judgment supported by competent and credible evidence going to all the elements of the case must not be reversed by a reviewing court as being against the manifest weight of the evidence. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 488 N.E.2d 857 (1986). In addition, the decision on whether to grant a civil protection order lies within the sound discretion of the trial court. *Olenik v. Huff*, 5th Dist. Ashland App. No. 02-COA-058, 2003-Ohio-4621, ¶ 21. "The parameters of a trial court's discretion must also encompass the determination of whether a CPO is actually necessary to ensure the family member's protection." *Rader v. Rader*, 5th Dist. Licking App.No. 07CA5, 2007-Ohio-4288, ¶ 19. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140(1983).

{¶11} Appellee testified that appellant was physically abusive during the relationship, both when they were living together and when they lived separately. She testified that she continued the relationship despite the violence because appellant would apologize or blame his actions on medication or stress. During the instances of violence,

appellant would grab her by the wrists. She testified that he would explain to her that due to his job, he knew of ways to dispose of a body so it would not be found, and that he would tie bricks to her and sink her in a body of water. She testified that he discussed ways that he could poison her.

{¶12} Appellee testified about several acts of domestic violence which occurred in 2016, the year in which she filed the petition for a protection order. She testified that in January, 2016, appellant kicked in a door to her residence, prompting her to call the police. She testified that in April of 2016, he grabbed her by the wrists and slammed her into various items in the home, resulting in a cut to her lower leg. She further testified that in July of 2016, appellant pinned her against the door, grabbing her groin area and squeezing. She testified that the incident resulted in bruising, and a photograph showing bruising consistent with her testimony was admitted into evidence.

{¶13} The video admitted into evidence was taped by appellant, and offered into evidence by appellant. As noted by the court, the video does not show an act of domestic violence, but it is not clear whether portions of the video were deleted. The video demonstrates that appellant was angry with appellee, both because he was taping the encounter and because he refused to apologize for the way he had treated her. She recounts various ways in which he has assaulted her and asks for an apology. She is seen in the video gesturing toward the door, claiming that it is likely a person outside had heard her being slammed into the door. Appellant does not apologize, and also does not admit or deny assaulting her. As noted by the court, appellant's lack of response to her allegations on the video is unusual, and he was unable to explain how the bruising

demonstrated by the photos occurred other than to deny that any domestic violence took place.

{¶14} The trial court's decision is supported by a preponderance of the evidence, and the court did not abuse its discretion in granting the civil protection order.

{¶15} The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court, Domestic Relations Division is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.