**PLUMB et al., Appellants,**

v.

**RIVER CITY ERECTORS, INC. et al., Appellees.**

[Cite as *Plumb v. River City Erectors, Inc.* (2000), 136 Ohio App.3d 684.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–690.

Decided March 21, 2000.

*Lamkin, Van Eman, Trimble, Beals & Rourke,* and *David A. Beals,* for appellants.

*Frost & Jacobs, LLP, Michael K. Yarbrough* and *Jeffrey Rupert,* for appellees River City Erectors, Inc.

LAZARUS, Judge.

Plaintiffs-appellants John Plumb and Christa Plumb appeal from the May 18, 1999 decision and June 8, 1999 entry granting the September 21, 1998 motion to dismiss of defendant-appellee River City Erectors, Inc. ("River City"). For the reasons that follow, we affirm.

Appellants filed suit on August 25, 1997, against Duke Development Corporation, SOFCO Erectors, Inc., and a fictitious "XYZ Corporation," whose real name and address were unknown to the Plumbs. In their complaint for personal injuries and loss of consortium, appellants alleged that John Plumb was seriously injured on September 21, 1995, at a construction site due to the negligence of appellees. Christa Plumb brought a claim for loss of consortium.

On July 16, 1998, appellants voluntarily dismissed appellees Duke Development Corporation and SOFCO Erectors, Inc. The case remained active against XYZ Corporation. On August 6, 1998, appellants filed an amended complaint naming River City as the appellee in place of XYZ Corporation. The clerk of courts issued certified mail service of the summons and amended complaint upon River City, and Andrea R. Bailey accepted certified mail service on August 24, 1998.

On August 21, 1998, the trial court granted appellants' motion to appoint a special process server to serve River City. The process server personally served a copy of the amended complaint upon River City on August 24, 1998. The process server did not, however, serve River City with a summons at that time.

On September 21, 1998, River City moved to dismiss appellants' amended complaint as barred by the statute of limitations. River City argued that appellants did not obtain personal service on River City within one year as required by Civ.R. 15(D) and 3(A). Therefore, River City contended that the amended complaint did not relate back to the date of the original complaint and was not, therefore, commenced within the two-year statute of limitations for personal injury actions.

The trial court sustained the motion, and this appeal followed. On appeal, appellants raise a single assignment of error as follows:

"The trial court erred in sustaining defendant-appellee's motion to dismiss when plaintiff-appellant had properly perfected service of process within the time provided by law."

Civ.R. 3(A) provides that an action is "commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."

Civ.R. 15(D) provides:

"Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The

summons must contain the words 'name unknown,' and the copy thereof must be served personally upon the defendant."

In *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208, the Supreme Court applied both Civ.R. 15(D) and 3(A) to similar facts. Dorsella Amerine was injured when the elevator at her place of business malfunctioned. On August 22, 1983, two days before the expiration of the applicable statute of limitations, Amerine filed her original complaint against Haughton Elevator Company and two "John Doe" defendants. In early May 1984, Amerine discovered that John Doe No. 2 was the Otis Elevator Company. She amended her complaint to reflect that fact and served Otis by certified mail. Otis moved for summary judgment on the ground that the complaint was barred by the statute of limitations. The Supreme Court affirmed, holding: "In determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)." *Id.,* paragraph one of the syllabus.

The Supreme Court noted:

"Civ.R. 15(D) specifically requires that the summons *must* be served personally upon the defendant. In this case, service was performed by way of certified mail which is clearly not in accordance with the requirement of Civ.R. 15(D). Civ.R. 15(D) also requires that the summons must contain the words 'name unknown.' Appellants also failed to meet this specific requirement of the rule. (Emphasis sic.) *Id.* at 58, 537 N.E.2d at 209,."

Accordingly, the Supreme Court found that Amerine's failure to meet the specific requirements of Civ.R. 15(D) rendered her complaint untimely. Accord *West v. Otis Elevator Co.* (1997), 118 Ohio App.3d 763, 694 N.E.2d 93, (amended complaint naming previously unnamed John Doe defendant did not relate back to date original complaint was filed where plaintiffs failed to include words "name unknown" in summons and altogether failed to serve summons on defendant).

Here, appellants also failed to meet the requirements of Civ.R. 15(D). Appellants first served River City by means of certified mail. Certified mail service does not fulfill the express language of Civ.R. 15(D). Appellants also personally served River City with a copy of the amended complaint. However, appellants not only failed to include the words "name unknown" in the summons but, also, altogether failed to serve a summons by personal service. Since service was not accomplished as required under Civ.R. 15(D), appellants' amended complaint cannot relate back to the filing date of the original complaint as contemplated by Civ.R. 3(A). Therefore, appellants' cause of action is time-

barred by the two-year statute of limitations for actions for bodily injury. See R.C. 2305.10.

■ Appellants urge this court to reverse the trial court as no prejudice resulted from the technical deficiencies in serving River City. Appellants point out that River City actually received a copy of the summons, *albeit* by certified mail instead of personal service. In spite of the clear judicial preference for resolving cases on their merits and not on pleading deficiencies, we cannot ignore binding precedent from the Ohio Supreme Court. Being bound by the precedent set forth in *Amerine,* we are compelled to find that appellants failed to meet the requirements of Civ.R. 15(D). Appellants' assignment of error is not well taken and is overruled.

Based on the foregoing, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and PEGGY BRYANT, JJ., concur.