**KRAMER, Appellant,**

v.

**INSTALLATIONS UNLIMITED, INC., et al., Appellees.**

</div>

<div align="center">

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 01 CA 73.

Decided April 12, 2002.

</div>

Stephen R. McCann, for appellant.

Isaac, Brant, Ledman & Teetor, LLP, Terri B. Gregori and John E. Vincent, for appellees.

WISE, Judge.

{¶ 1} Appellant Stephan McCann appeals the decision of the Licking County Court of Common Pleas that granted appellee Installations Unlimited, Inc.'s motion to dismiss. The following facts give rise to this appeal.

{¶ 2} Appellant McCann sustained personal injuries from a fall on March 6, 1998. Appellant filed his original complaint on March 2, 2000, which named three defendants and ten John Doe defendants. During discovery, appellant learned that Installations Unlimited may be a party responsible for the injuries he sustained. Therefore, on December 5, 2000, appellant filed an amended complaint that included Installations Unlimited as a defendant but did not substitute Installations Unlimited for one of the John Doe defendants. The amended complaint also included the ten John Doe defendants identified in the original complaint.

{¶ 3} Appellant served Installations Unlimited with the summons and amended complaint by certified mail. Appellant concedes that personal service of the summons and amended complaint upon Installations Unlimited was not attempted and did not occur. Installations Unlimited filed an answer to the amended complaint on January 2, 2001. In its answer, Installations Unlimited asserted the statute of limitations and failure of process and/or failure of service as affirmative defenses.

{¶ 4} On March 8, 2001, Installations Unlimited filed a motion for summary judgment, arguing that appellant failed to obtain personal service as required under the Rules of Civil Procedure. On the same date, appellant voluntarily dismissed the original action without prejudice and refiled the present case. Installations Unlimited was served with this complaint via ordinary U.S. Mail on April 17, 2001. On May 15, 2001, Installations Unlimited filed a motion to dismiss on the basis that appellant's claims were barred by the statute of limitations due

to appellant's failure to personally serve it with a copy of the summons and complaint. The trial court granted Installations Unlimited's motion to dismiss on July 2, 2001.

{¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:

{¶ 6} "I. The trial court erred in granting defendant-appellee's motion to dismiss."

## I

{¶ 7} Appellant sets forth two arguments in support of his sole assignment of error. First, appellant maintains that R.C. 2305.19, the saving statute, should be liberally construed to allow him to have his trial on the merits. Second, appellant contends that the trial court's focus on Civ.R. 3(A) and Civ.R. 15(D) is too narrow and does not recognize the interrelationship of the saving statute and the Rules of Civil Procedure. We disagree with both arguments.

{¶ 8} Installations Unlimited filed its motion to dismiss pursuant to Civ.R. 12(B)(6). Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. Therefore, the court will determine only whether the allegations contained in the complaint are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584. It is based upon this standard that we review appellant's sole assignment of error.

{¶ 9} In addressing the issues raised by appellant in his assignment of error, we first refer to the Ohio Supreme Court's decision in *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208, syllabus, wherein the court held:

{¶ 10} "In determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)."

{¶ 11} Civ.R. 15(D) addresses amendments to a complaint where the name of a party is unknown and provides as follows:

{¶ 12} "When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and

description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and the copy thereof must be served personally upon the defendant."

{¶ 13} The *Amerine* decision also refers to Civ.R. 3(A), which provides:

{¶ 14} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."

{¶ 15} Thus, Civ.R. 15(D) specifically requires that the summons be personally served upon the defendant. *Amerine* at 58, 537 N.E.2d 208. Further, the use of a fictitious name with subsequent correction, by amendment, of the real name of a defendant under Civ.R. 15(D) relates back to the filing of the original complaint and service must be obtained within one year of the filing of the original complaint. Id. at 59, 537 N.E.2d 208. Also under Civ.R. 3(A), service does not have to be made on the formerly fictitious, now identified defendant, within the statute of limitations as long as the original complaint has been filed before the expiration of the statute of limitations. Id.

{¶ 16} In applying the above rules and case law from various districts to the facts of the case sub judice, the trial court concluded that appellant's claim was time-barred because he failed to comply with the Rules of Civil Procedure for substituting and properly serving a John Doe defendant. Judgment Entry, July 2, 2001, at 2. The trial court relied upon the case of *Plumb v. River City Erectors, Inc.* (2000), 136 Ohio App.3d 684, 737 N.E.2d 610, to support its conclusion that appellant's amended complaint did not relate back to the filing date of the original complaint due to appellant's failure to comply with Civ.R. 15(D).

{¶ 17} The *Plumb* case addressed the issue of whether service of an amended complaint via certified mail upon a previously unknown, but later identified, defendant was sufficient to withstand the statute of limitations. In *Plumb*, the plaintiff was injured on September 21, 1995, and filed suit naming several defendants and a fictitious "XYZ" Corporation on August 25, 1997. Id. at 686, 737 N.E.2d 610. Plaintiff filed an amended complaint substituting the defendant River City for the fictitious "XYZ Corporation" on August 6, 1998. Id. River City was served the summons and amended complaint by certified mail on August 24, 1998. Id. In addition, a special process server was appointed and personally served a copy of the amended complaint upon River City. Id.

However, the process server did not personally serve River City with a copy of the summons. Id.

{¶ 18} River City filed a motion to dismiss the amended complaint and argued that it did not relate back to the date of the original complaint because River City was not personally served a copy of the summons. Id. The trial court granted River City's motion to dismiss. Id. The Tenth District Court of Appeals affirmed the trial court's holding that although River City was personally served with a copy of the amended complaint, the court of appeals noted that Civ.R. 15(D) requires that a copy of the summons be personally served upon the newly identified defendant. Id. at 687, 737 N.E.2d 610. Because River City was not personally served a copy of the summons, plaintiff's amended complaint did not relate back to the filing date of the original complaint and was therefore time-barred. Id. at 687–688, 737 N.E.2d 610.

{¶ 19} In applying the analysis of the *Plumb* case to the facts of this case, we conclude, as did the trial court, that appellant's complaint is time-barred because appellant did not properly serve Installations Unlimited with a copy of the summons and amended complaint. Civ.R. 15(D) specifically required appellant to personally serve Installations Unlimited, and service by certified mail is not a permitted form of service for a formerly fictitious, now identified, defendant. Therefore, appellant's complaint is time-barred under the applicable statute of limitations.

{¶ 20} In response, appellant refers to R.C. 2305.19, the saving statute, which provides:

{¶ 21} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, * * * may commence a new action within one year after such date. * * *"

{¶ 22} Appellant maintains that he "attempted to commence" this lawsuit by serving Installations Unlimited via certified mail. Thereafter, appellant voluntarily dismissed the lawsuit, which constitutes a failure otherwise than upon the merits within the meaning of the saving statute, and refiled the complaint. In response to this argument, the trial court concluded in its judgment entry that appellant's claim was not protected by the saving statute because appellant failed to properly "attempt to commence" the action by personally serving Installations Unlimited with a copy of the summons and amended complaint. Judgment Entry, July 2, 2001, at 6.

{¶ 23} In reaching this conclusion, the trial court relied upon the case of *Permanent Gen. Cos. Ins. Co. v. Corrigan* (May 24, 2001), Cuyahoga App. No.

78290, 2001 WL 563072. In *Permanent Gen.*, the Eighth District Court of Appeals held:

{¶ 24} "[W]hen a plaintiff is permitted to amend his or her complaint to specifically name a former John Doe defendant, such defendant must be personally served pursuant to Civ.R. 15(D). Here, appellant did not do so. Rather, appellant served Ingle Barr by certified mail. The question becomes, did appellant attempt to serve Ingle Barr such that the savings statute is applicable. We find that appellant did not.

{¶ 25} "We believe that an attempt to commence as set forth in R.C. 2305.19 must be pursuant to a method of service that is proper under the Civil Rules. Here, appellant's method of attempting to commence the action was pursuant to certified mail service, an improper method under Civ.R. 15(D). Not only did appellant not actually serve Ingle Barr by personal service, appellant did not even attempt Ingle Barr by personal service. Personal service is the only method by which a now named John Doe defendant may be served. Hence, appellant did not properly attempt to commence the action against Ingle Barr. Because appellant did not properly attempt to commence the action against Ingle Barr, the savings statute is inapplicable. Therefore, appellant failed to bring the present action against Ingle Barr within the applicable statute of limitations, and summary judgment in favor of Ingle Barr was appropriate. * * *" *Id.* at 2–3, quoting *Mustric v. Penn Traffic Corp.* (Sept. 7, 2000), Franklin App. No. 00AP–277, 2000 WL 1264526.

{¶ 26} We agree with the trial court's conclusion that the saving statute is not available to protect appellant's claim from the two-year statute of limitations. Although, arguably, appellant did "attempt to commence" the lawsuit within the two-year statute of limitations by serving appellant via certified mail, the attempt was improper under Civ.R. 15(D).

{¶ 27} The cases reviewed by this court support the conclusion that the attempt must be made according to the Rules of Civil Procedure. Only when the "attempt to commence" is made according to the Rules of Civil Procedure may a plaintiff avail himself or herself of the savings statute. Further, we have found no case law that has permitted a plaintiff to use the saving statute where service failed due to a failure to use the proper method of service under the Rules of Civil Procedure. The cases we have reviewed that permitted the use of the savings statute used the proper method of service as required by the Rules of Civil Procedure, but service was not perfected for whatever reason.

{¶ 28} Accordingly, we conclude that the trial court properly granted Installations Unlimited's motion to dismiss.

{¶ 29} Appellant's sole assignment of error is overruled.

{¶ 30}  For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

Judgment affirmed.

GWIN, P.J., and FARMER, J., concur.