DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant American Family Insurance Company ("American") appeals from a judgment of the Lucas County Court of Common Pleas dismissing American's declaratory judgment action.
 {¶ 2} On September 13, 2000, appellees, Duane A. Howe and Pamela E. Howe, who are both residents of the state of Ohio, were traveling by motorcycle through the state of West Virginia. Duane was operating the motorcycle and Pamela was his passenger. Duane failed to stop at a red traffic signal and rear-ended an automobile stopped at the traffic light. As a result of the collision, Pamela suffered several injuries, including a fractured skull and a permanent closed head injury.
 {¶ 3} At the time of the accident, Duane held four insurance policies with American. These included: (1) a motor vehicle policy providing liability coverage for Duane's motorcycle; this policy also provided uninsured/underinsured motorist coverage; (2) a motor vehicle liability insurance policy that afforded coverage for a 1995 Dodge Dakota; this policy also provided uninsured/underinsured motorist coverage; (3) a personal liability umbrella policy; and (4) a homeowner's insurance policy.
 {¶ 4} On September 3, 2003, Pamela Howe, both individually and as the adoptive parent and next friend of Trey J. Howe, a minor, filed a negligence action against her husband in a West Virginia circuit court. Pamela also asked the West Virginia court to declare that she was entitled to coverage pursuant to the liability and the underinsured provisions of Duane's motorcycle and motor vehicle policies, as well as under his umbrella and homeowner's policies. Howe v. Howe (July 20, 2004), Marion Cty. Circuit Ct. No. 02-C-232.
 {¶ 5} Subsequently, Pamela filed a motion for partial summary judgment in which she asked the court to declare that she was entitled to coverage under the American policies. American then filed a cross-motion for summary judgment requesting that the circuit court declare that, due to the various exclusions in its insurance policies, appellant was not afforded coverage under any of those policies. Id.
 {¶ 6} On July 20, 2004, the West Virginia court entered its judgment on the parties' motions. The court found that Ohio law was the appropriate law to apply in interpreting the American insurance contracts, Id. at 8, and, based upon that law, held that Pamela was not provided with either liability or underinsured motorist coverage under any of the four American policies, Id. at 10-13. Pamela Howe had, however, also alleged uninsured motorist claims under three of the American policies. Id. at 13. While finding that Pamela had no uninsured motorist coverage pursuant to the umbrella policy, the circuit court noted that the uninsured question as it related to the motorcycle and automobile policies was pending before the Ohio Supreme Court and refrained from ruling on that issue until such time that Ohio's high court rendered its ruling. Id. at 15. Thus, the West Virginia court denied Pamela Howe's motion for partial summary judgment and granted American's motion for summary judgment, in part.
 {¶ 7} In a later amended judgment, the circuit court vacated a portion of its earlier opinion, finding that Pamela may be afforded uninsured motorist coverage under the umbrella policy. The court also added the phrase, "no just reason for delay" to its decision, thereby rendering it a final, appealable order in the state of West Virginia. See Howe v. Howe
(Sept. 9, 2003), Marion Cty. Circuit Ct. No. 02-C-232.
 {¶ 8} On April 26, 2004, American filed a declaratory judgment action in the Lucas County Court of Common Pleas asking the court below to declare that, due to certain exclusionary clauses, Pamela and Duane Howe are not provided with insurance coverage under the same four American policies that are the subject of the litigation in West Virginia. On July 9, 2004, three documents evidencing a settlement agreement between Duane Howe and Pamela Howe, individually, and as the adoptive parent and next friend of Trey J. Howe, a minor, were filed in the case pending in the West Virginia circuit court.
 {¶ 9} On June 9, 2004, American submitted an amended complaint in the case pending in the Lucas County Court of Common Pleas. Count 1 of the amended complaint repeats the request for a declaration of the rights of the parties pursuant to the four American insurance policies. Count 2 of the amended complaint alleges that Pamela "improperly and unlawfully filed suit in a West Virginia State Court." Count 2 further contends that Duane violated the clear and unambiguous terms of the American insurance policies by entering into a settlement agreement with Pamela without obtaining American's consent and by terminating the employment of a defense attorney retained by American to represent Duane in the negligence action. In its amended complaint, American also urges that by entering into the agreement, Duane prejudiced American's right "to investigate and/or to defend and/or to negotiate the claims presented." For these reasons, American asked the trial court to declare that the four American insurance policies do not afford coverage for any damages resulting from the September 13, 2000 accident.
 {¶ 10} Pursuant to Civ.R. 12(B)(1), Duane and Pamela Howe filed a motion to dismiss American's declaratory judgment action for lack of subject matter jurisdiction. Appellees premised their motion on the jurisdictional priority rule. American filed a memorandum in opposition and a motion for summary judgment. The trial court agreed with appellees, and dismissed the instant case. Appellant appeals that judgment and asserts the following assignment of error:
 {¶ 11} "The court erred to the prejudice of appellant by dismissing this case which involves different issues and a different cause of action than a West Virginia Case, based upon the `jurisdictional priority rule.'"
 {¶ 12} The appellate standard of review of the grant of a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction is de novo. Howard v. Supreme Court of Ohio, 10th Dist. Nos. 04AP-1093 and 04AP-1272, 2005-Ohio-2130, at ¶ 6, citing Kramer v. InstallationsUnlimited, Inc., 147 Ohio App.3d 350, 2002-Ohio-1844.
 {¶ 13} The jurisdictional priority rule provides that "when a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." John Weenik Sons Co. v.Cuyahoga Cty. Court of Common Pleas, (1948), 150 Ohio St. 349, paragraph three of the syllabus. However, the jurisdictional priority rule applies only if the claims in both cases are sufficiently similar, in that each of the actions encompasses part of the "`whole issue' that is within the exclusive jurisdiction of the court whose power is legally first invoked." Lagoons Point Land Co. v. Grendell, 11th Dist. No. 2001-L-043, 2002-Ohio-3372, at ¶ 26, quoting State ex rel. Racing Guild of Ohio v.Morgan (1985), 17 Ohio St.3d 54, 56.
 {¶ 14} In order for the jurisdictional priority rule to appertain to a particular case, there must be cases pending in two different courts of concurrent jurisdiction involving substantially the same parties. Further, any decision of the second court in which the party or parties invoke subject matter jurisdiction "must affect or interfere with the resolution of the issues before the court where the suit was originally commenced." Fenner v. Kinney, 10th Dist. Nos. 02AP-749 and 99CVF-036244, 2003-Ohio-989, at ¶ 12 citing Lagoons Point Land Co. v. Grendell, at ¶ 26 and Instant Win, Ltd. v. Summit Cty. Sheriff, 9th Dist. No. 20762, 2002-Ohio-1633.
 {¶ 15} In the case under consideration, American claims that although the same parties are involved in both cases, the case before this court raises a new cause of action. In its appellate brief, American frames this new claim as follows: "[Duane and Pamela Howe] are barred from coverage or any right to recover under the policies of insurance issued by [American] because they entered into a consent judgment and agreement in violation of the policies." American also argues that the West Virginia case is not identical to the present case because a negligence/damages claim was an additional cause of action in the West Virginia suit. We disagree.
 {¶ 16} Identical causes of action, specifically, declaratory judgment actions, were filed in both the West Virginia circuit court and the Ohio common pleas court. The "whole issue" in both declaratory judgment actions is whether Duane and Pamela Howe are afforded any type of coverage under the American insurance policies. To that end, both actions ask the West Virginia and Ohio courts to construe various provisions of those contracts. As such, any decision made by the Lucas County Common Pleas Court on the question of coverage under the American policies would interfere with, and, in fact, obviate, the necessity for any resolution by the West Virginia court on the issue of uninsured coverage. Thus, despite the fact that an additional claim for damages[1] was part of the action filed in West Virginia, the declaratory judgment claims are sufficiently similar so as to encompass part of the "`whole issue' that is within the exclusive jurisdiction of the West Virginia Court whose power was first legally invoked. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 17} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.
[1] Indeed, that claim is no longer a part of the West Virginia action.