[Cite as *In re J.M.*, 2011-Ohio-4276.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

J.M.


DEPENDENT CHILD

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 11 CA 21

O P I N I O N


CHARACTER OF PROCEEDING:            Civil Appeal from the Court of Common
                                    Pleas, Juvenile Division, Case No.  2009-
                                    0237


JUDGMENT:                           Reversed and Remanded


DATE OF JUDGMENT ENTRY:             August 25, 2011


APPEARANCES:

For Appellee LCJFS                  For Appellant Erica Smith

KENNETH W. OSWALT                   PAUL D. HARMON
PROSECUTING ATTORNEY                964-A North 21st Street
RACHEL OKTAVEC HUSTON               Newark, Ohio  43055
ASSISTANT PROSECUTOR
20 South Second Street              For Amicus Curiae
Fourth Floor
Newark, Ohio  43055                 W. SCOTT HAYES
                                    195 East Broad Street, P. O. Box 958
                                    Pataskala, Ohio  43062

*Wise, J.*

**{¶1}** Appellant Erica Smith appeals the decision of the Court of Common Pleas, Licking County, denying her motion to vacate a prior grant of permanent custody of her son. The relevant facts leading to this appeal are as follows.

**{¶2}** Appellant Smith is the biological mother of J.M., born in 2009. Eric Mohler is the child's biological father. On April 13, 2009, Appellee Licking County Department of Job and Family Services ("LCDJFS") filed a complaint for temporary custody of J.M., alleging the child to be abused and/or dependent. A hearing before a magistrate was held on June 15, 2009. The magistrate issued a decision on June 16, 2009, finding J.M. to be a dependent child and granting temporary custody to LCDJFS. The trial court thereafter approved and adopted the decision.

**{¶3}** On December 15, 2009, LCDJFS filed a motion for permanent custody. Hearings before a magistrate were held on April 13 and 14, 2010. By decision filed May 7, 2010, the magistrate recommended terminating the parents' parental rights and granting permanent custody of the child to the agency. Mohler, the biological father, filed objections under Civ.R. 53. By judgment entry filed August 5, 2010, the trial court denied the objections and approved and adopted the magistrate's decision of permanent custody. In said judgment entry, the trial court found, inter alia, that appellant is dealing with drug abuse and mental health issues.

**{¶4}** Mohler thereupon filed a direct appeal to this Court, although appellant did not. We affirmed the grant of permanent custody on December 7, 2010. See *In re J.M.*, Licking App.No. 10-CA-97, 2010-Ohio-6075.

{¶5} On February 10, 2011, appellant filed a motion to vacate the permanent custody judgment entry of August 5, 2010. In said motion appellant alleged that she had not been properly served with or notified of the magistrate's decision of May 7, 2010 or of the right to appeal same.

{¶6} On February 11, 2011, the trial court issued a judgment entry denying the motion to vacate.

{¶7} On February 23, 2011, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶8} "I. JUDGE ROBERT HOOVER WAS DISQUALIFIED BY THE CHIEF JUSTICE OF THE OHIO SUPREME COURT FROM HEARING CASES IN WHICH ATTORNEY PAUL D. HARMON REPRESENTS A PARTY AND THEREFORE HE IS DISQUALIFIED FROM RULING ON THE MOTION OF ERICA SMITH.

{¶9} "II. SERVICE OF THE MAGISTRATE'S DECISION PERMANENTLY TERMINATING THE BIOLOGICAL MOTHER'S PARENTAL RIGHTS WAS NOT MADE IN COMPLIANCE WITH THE CIVIL RULES, AND, THEREFORE, A DETERMINATION ON THE MERITS OF HER MOTION MUST BE MADE BY VISITING JUDGE."

I.

{¶10} In her First Assignment of Error, appellant contends reversible error occurred where the trial court (Judge Robert H. Hoover) ruled on appellant's motion despite a prior Ohio Supreme Court disqualification of the judge from any cases in which appellant's counsel represents a party. We agree.

{¶11} Generally, if a common pleas litigant wishes to raise a challenge to a trial judge's involvement in a given case, he or she must utilize the procedure set forth in

R.C. 2701.03, which gives the Chief Justice of the Supreme Court of Ohio exclusive jurisdiction to determine such a claim. See *In re Baby Boy Eddy* (Dec. 6, 1999), Fairfield App. No. 99 CA 22, 2000 WL 1410. At the same time, however, an appellate court cannot ignore a binding ruling or precedent from the Ohio Supreme Court. See *Plumb v. River City Erectors, Inc.* (2000), 136 Ohio App.3d 684, 688. Under the unusual circumstances of the case sub judice, it is incumbent that we address appellant's claim, as the late Chief Justice Thomas J. Moyer decided the Judge Hoover/Attorney Harmon disqualification issue in a 2006 decision. See *In re Disqualification of Hoover*, 113 Ohio St.3d 1233, 863 N.E.2d 634, 2006-Ohio-7234. In that decision, the late Chief Justice Moyer held: "For the reasons stated above, the affidavit of disqualification is granted for the case listed in the caption above *and for all other cases in which attorney Harmon represents a party or is himself a party*. ***." Id. at ¶15 (emphasis added).

**{¶12}** Appellee LCDJFS responds that because permanent custody of J.M. has already been granted, Appellant Smith has ceased to be a "party" to the juvenile court action pursuant to the specific language of R.C. 2151.414(F); therefore, appellee maintains, Attorney Harmon's representation on her behalf does not invoke *In re Disqualification of Hoover.* However, by filing a motion to vacate for alleged want of service or notice of the magistrate's decision recommending permanent custody to the agency, appellant is collaterally challenging the validity of such permanent custody, and if she is successful in vacating the decision, it appears her status as a party would be reestablished. As such, we find LCDJFS's responsive reading of "party" in *In re Disqualification of Hoover* to be overly technical and incongruent with the spirit of that ruling.

**{¶13}** Appellant's argument is well-taken, and the matter will be remanded for a de novo review of the February 11, 2011 motion to vacate by a different judge.

**{¶14}** Appellant's First Assignment of Error is sustained.

II.

**{¶15}** In her Second Assignment of Error, appellant contends the trial court erred in denying her motion to vacate based on the service requirements of the Ohio Rules of Civil Procedure.

**{¶16}** Based on our holding in regard to the First Assignment of Error, we find appellant's present argument to be moot or premature.

**{¶17}** We therefore decline to address appellant's Second Assignment of Error.

**{¶18}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby reversed and remanded.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.



_____

_____

_____

JUDGES

JWW/d 0808

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| J.M. | : | JUDGMENT ENTRY |
| | : | |
| DEPENDENT CHILD | : | Case No. 11 CA 21 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee LCDJFS.


_____

_____

_____

JUDGES