[Cite as *Smith v. Lurie*, 2012-Ohio-499.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97360

# SAMUEL L. SMITH D.B.A. SMITH LIMOUSINE & TRANSPORTATION CO.

PLAINTIFF-APPELLANT

vs.

# JOYCE LURIE

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Lyndhurst Municipal Court
Case No.   10 CVF 00944

**BEFORE:**   Keough, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   February 9, 2012

**ATTORNEY FOR APPELLANT**

Robert M. Fertel
Zashin & Rich Co., LPA
55 Public Square, 4th Floor
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Kenneth J. Fisher
Dennis Nevar
Kenneth J. Fisher Co., LPA
2100 Terminal Tower
50 Public Square
Cleveland, OH 44113-2204

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, Samuel L. Smith d.b.a. Smith Limousine & Transportation Co. ("Smith"), appeals the trial court's decision granting the motion to dismiss filed by defendant-appellee, Joyce Lurie ("Lurie"). For the reasons that follow, we reverse and remand.

{¶ 2} In 2010, Smith filed an amended complaint against Lurie seeking payment for transportation services rendered to Lurie. The complaint alleged causes of action for breach of contract, action on an account, unjust enrichment and/or quantum meruit, and promissory and/or equitable estoppel. In Lurie's amended answer, "she promised to compensated [sic] [Smith] for services provided as alleged * * * but states the invoiced amounts do not accurately reflect the services actually provided." Included in the amended answer, Lurie listed as an affirmative defense, "failure to state a claim upon which relief may be granted."

{¶ 3} The trial court coordinated a case management schedule with the parties, establishing the dispositive motion deadline as March 15, 2011. On April 14, 2011, Lurie requested leave from the trial court to file a Motion to Dismiss pursuant to Civ.R. 12(B)(6). Over objection, the trial court granted Lurie leave. The motion to dismiss asserted that Smith was not legally permitted to operate a motor vehicle for the transportation of persons on the public highways of the state of Ohio because Smith was not properly registered with the Public Utilities Commission of Ohio ("PUCO") pursuant to R.C. 4923.04. In support of this argument, Lurie attached purported email

correspondence between her attorney and an individual from the PUCO indicating that the PUCO Motor Carrier Section had no record of the companies "Samuel L. Smith" and "Smith Limousine & Transportation Company."

{¶ 4} After exhaustive briefing and a hearing on the motion, the trial court granted Lurie's motion and dismissed Smith's complaint. Smith appeals this decision raising five assignments of error.

{¶ 5} In his first assignment of error, Smith argues that the trial court erred in granting Lurie's motion to dismiss because the motion for leave was filed after the trial court's deadline for dispositive motions and failed to allege any facts supporting excusable neglect under Civ.R. 6(B)(2).

{¶ 6} The decision to grant or deny a motion for leave to file a dispositive motion will not be disturbed absent an abuse of discretion. *See Slack v. Cropper*, 143 Ohio App.3d 74, 83, 757 N.E.2d 404 (11th Dist.2001). As such, we will not reverse the trial court's decision granting Lurie's motion for leave unless we determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} In this case, the trial court did not abuse its discretion in granting Lurie leave to file her motion to dismiss. The motion was based on newly discovered evidence that raised a possible dispositive issue to the case. In the interest of judicial economy, we find that the trial court acted within its discretion.

{¶ 8} Accordingly, Smith's first assignment of error is overruled.

**{¶ 9}** In his second assignment of error, Smith argues that the trial court erred in granting Lurie's Civ.R. 12(B)(6) motion to dismiss based on a document containing matters not included in the complaint.

**{¶ 10}** We review the trial court's decision granting a motion to dismiss de novo. *Hughes v. Miller*, 181 Ohio App.3d 440, 2009-Ohio-963, 909 N.E.2d 642, ¶ 17 (8th Dist.). A Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim for relief tests the sufficiency of the complaint. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 65 Ohio St.3d 323, 325, 603 N.E.2d 1005 (1992). In order for a court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the moving party can prove no set of facts in support of his claim that would entitle him to relief. *Taylor v. London*, 88 Ohio St.3d 137, 139, 2000-Ohio-278, 723 N.E.2d 1089, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

**{¶ 11}** When reviewing a motion to dismiss for failure to state a claim, a court must accept the facts stated in the complaint as true and must construe all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). The court may not consider "matters outside the pleadings" unless the court converts the motion to dismiss into a motion for summary judgment. Civ.R. 12(B) provides that, "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary

judgment and disposed of as provided in Rule 56." "The matters outside the pleadings are specifically enumerated in Rule 56," and all parties must be "given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Civ.R. 12(B); *S. Christian Leadership Conference v. Combined Health Dist.*, 191 Ohio App.3d 405, 2010-Ohio-6550, 946 N.E.2d 282, ¶ 30 (2d Dist.).

{¶ 12} In this case, Lurie moved to dismiss Smith's amended complaint pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. Specifically, Lurie argued that Smith was not a registered PUCO motor carrier, and therefore, not entitled to compensation as a motor carrier. In support of this argument, Lurie attached to her motion a purported email from a PUCO representative stating that it had no record of Smith as a registered motor carrier. Because this email was the only document supporting Lurie's assertion that Smith was not a registered PUCO motor carrier and thus unable to assert his cause of action, it is clear that the trial court considered matters outside the amended complaint in determining Smith's motion to dismiss.

{¶ 13} Smith contends on appeal that the trial court "clearly" converted the motion to a motion for summary judgment; however, our review of the record does not support this argument. The record before us does not demonstrate that the trial court affirmatively converted or intended to convert the motion to dismiss into one for summary judgment or that it provided notice to the parties of such conversion. *See*

*Petrey v. Simon*, 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983), paragraph one of the syllabus.

{¶ 14} Accordingly, we find that the trial court erred in granting Lurie's motion to dismiss because it considered matters outside the pleadings. Smith's second assignment of error is sustained.

{¶ 15} Finding merit to Smith's second assignment of error renders the remaining assignments of error also challenging the trial court's decision dismissing Smith's amended complaint moot. App.R. 12(A)(1)(c).

{¶ 16} Judgment reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR