[Cite as *Kuhn v. 21st Century Ins. Co.*, 2012-Ohio-2598.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ESKIN KUHN, on behalf of himself and all other persons similarly situated | JUDGES: Hon. Patricia A. Delaney, P. J. Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant/Cross-Appellee | Hon. John W. Wise, J. |
| -vs- | |
| 21ST CENTURY INSURANCE COMPANY | Case No. 2011 CA 00232 |
| Def.-Appellee/Cross-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Case No.  2009 CV 01588

JUDGMENT:    Affirmed in Part; Reversed in Part and Remanded

DATE OF JUDGMENT ENTRY:    June 11, 2012

APPEARANCES:

For Plaintiff-Appellant/Cross-Appellee

ALLEN SCHULMAN, JR.
BRIAN L. ZIMMERMAN
SCHULMAN ZIMMERMAN & ASSOC.
236 Third Street, S.W.
Canton, Ohio  44702

For Defendant-Appellee/Cross-Appellant

STEPHAN C. KREMER
REMINGER CO. LPA
200 Courtyard Square
80 South Summit Street
Akron, Ohio  44308

THEODORE R. SCARBOROUGH
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, Illinois  60603

*Wise, J.*

**{¶1}** Appellant Eskin Kuhn appeals the decision of the Court of Common Pleas, Stark County, which dismissed his complaint for breach of contract, bad faith, fraud, and punitive damages against Appellee 21st Century Insurance Company. The relevant facts leading to this appeal are as follows.

**{¶2}** In early December 2008, Appellant Kuhn purchased an "Ohio Personal Automobile Policy" from Appellee 21st Century. One of the coverage options in the policy was captioned "Coverage C – Medical Payments," which stated in pertinent part as follows:

**{¶3}** "OUR PROMISE TO YOU – PART II

**{¶4}** "***We*** will pay reasonable expenses incurred within one year from the date of ***accident*** by or on behalf of a person insured for necessary medical and funeral services because of ***bodily injury*** caused by an ***auto accident*** and sustained by a person insured under this part."

**{¶5}** Plaintiff's Exhibit A at page 5.

**{¶6}** On December 21, 2008, after the aforementioned policy went into effect, appellant was involved in an automobile accident. Appellant has alleged that he sent copies to appellee of his medical bills regarding injuries sustained in the accident, but that appellee failed to make full payments on his behalf.

**{¶7}** On April 21, 2009, appellant filed a complaint in the Stark County Court of Common Pleas on behalf of himself and other similarly situated individuals against Defendants AIG National Insurance Company, Inc., AIG Casualty Company, AIG Centennial Insurance Company, AIG Premier Insurance Company, 21st Century

Insurance Company, AIU Insurance Company, the Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, and American Home Assurance Company.

{¶8} On May 26, 2009, the aforementioned insurance companies, as defendants, removed appellant's action to the United States District Court for the Northern District of Ohio, Eastern Division, which became assigned as case number 5:09CV1202. Following the removal, the insurance companies jointly filed a motion to dismiss appellant's complaint pursuant to Fed.R.Civ.P. 12(b)(6). On December 31, 2009, the United States District Court granted in part the aforesaid motion to dismiss and dismissed all insurance company defendants except 21st Century Insurance Company, appellee herein. The District Court remanded appellant's action against Appellee 21st Century to the Stark County Court of Common Pleas for further proceedings. See *Kuhn v. AIG National Insurance Co., Inc.*, (N.D. Ohio 2009), 2009 WL 5219034.

{¶9} On December 8, 2010, appellant filed his "First Amended Class Action Complaint" for damages in the Stark County Court of Common Pleas.[1] On February 18, 2011, Appellee 21st Century filed a motion to dismiss appellant's said first amended complaint, pursuant to Civ.R. 12(B)(6) and 9(B). Appellee therein claimed that the first amended complaint failed to state a cause of action upon which relief could be granted and that appellant failed to set forth sufficient allegations to support his claims. Appellant filed a memorandum in opposition to appellee's motion to dismiss on March 3, 2011.

---

[1]   As of the time of the filing of the briefs in this appeal, no class certification had been formally sought by appellant in this matter.

{¶10} On August 26, 2011, a mediation hearing between appellant and appellee took place, with the trial court acting as the mediator. On August 30, 2011, the trial court granted, in part, appellee's motion to dismiss, finding that appellant did not have standing to sue appellee. The court further determined that there had been no provision of depositions and/or discovery, and that appellant had failed to produce evidence during the mediation in support of his allegations set forth in the first amended complaint. The court thereupon dismissed Counts II, III, and IV of appellant's first amended complaint. Count I (breach of contract) was ordered set for trial.

{¶11} On September 13, 2011, appellant filed a motion asking the trial court to reconsider its decision of August 30, 2011.  In the meantime, appellee filed a motion to dismiss for lack of subject matter jurisdiction and failure to prosecute on September 7, 2011.  The court denied appellee's motion to dismiss and appellant's motion for reconsideration on September 21, 2011.

{¶12} Based upon the trial court's ruling at that point, appellant conceded at the final pre-trial that the court had effectively dismissed all claims against appellee. The trial court thereupon dismissed Count I of appellant's first amended complaint via judgment entry filed September 23, 2011. The court then dismissed the entire action with prejudice.

{¶13} On October 20, 2011, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT.

{¶15} "II.   THE TRIAL COURT ERRED IN CONSIDERING CONFIDENTIAL COMMUNICATIONS MADE AT MEDIATION WHEN RULING UPON DEFENDANTS' (SIC) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT IN VIOLATION OF R.C. §2710.07 AND LOC. R. 16.1 OF THE COURT OF COMMON PLEAS OF STARK COUNTY, GENERAL DIVISION."

{¶16} Appellee 21st Century filed a notice of cross-appeal on October 31, 2011. It herein raises the following two Assignments of Error on cross-appeal:

{¶17} "I.   EVEN IF PLAINTIFF HAD NOT SURRENDERED HIS CONTRACT CLAIM, IT WAS CLEARLY MOOT.

{¶18} "II.   THE TRIAL COURT SHOULD HAVE EXERCISED ITS DISCRETION TO DISMISS THE ACTION FOR WANT OF PROSECUTION."

{¶19} As an initial matter, we address appellee's procedural response that appellant effectively waived his present appellate arguments, at least as to the breach of contract count, by informing the court at the final pre-trial, via counsel, that he had no remaining claims following the court's ruling of August 30, 2011. See Judgment Entry, September 23, 2011. However, in Ohio appellate jurisprudence, the waiver doctrine is not absolute. *See, e.g., Gross v. State Med. Bd. of Ohio*, Franklin App.No. 08AP-437, 2008-Ohio-6826, ¶ 11, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 279, 617 N.E.2d 1075. Because waiver is a discretionary doctrine, an appellate court may decline to apply it in the interests of justice. See *State v. Ruby*, 149 Ohio App.3d 541, 778 N.E.2d 101, 2002-Ohio-5381, ¶ 86. Under the circumstances of this case, we find appellant's acquiescence against further pursuit of the breach of contract claim in his amended

complaint, following the trial court's decision to dismiss all other counts, should not act as a waiver of the entire appeal presently before us.

### *Direct Appeal*

### I.

**{¶20}** In his First Assignment of Error, appellant contends the trial court erred in dismissing his first amended complaint under Civ.R. 12(B)(6). We agree.

**{¶21}** A Civ.R. 12(B)(6) motion to dismiss alleging failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. Therefore, the court will determine only whether the allegations contained in the complaint are legally sufficient to state a claim. *Id.* Our appellate standard of review on a Civ.R. 12(B)(6) motion is de novo. *Bratton v. Couch,* Morgan App.No. CA02-012, 2003-Ohio-3743, ¶ 8. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Kramer v. Installations Unlimited* (2002), 147 Ohio App.3d 350, 353, 770 N.E.2d 632, 2002-Ohio-1844.

**{¶22}** In reviewing a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, a trial court may not consider matters outside the pleadings unless the court converts the motion to dismiss into a motion for summary judgment. *Smith v. Lurie*, Cuyahoga App.No. 97360, 2012-Ohio-499, ¶ 11. In addition, a court must notify all parties that it has so converted a Civ.R.12(B)(6) motion into a motion for summary judgment. *See State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713.

**{¶23}** In the case sub judice, the trial court noted in its August 30, 2011 judgment entry that appellant had incurred a bill for ambulance services totaling $878.00 from Tri-Division Ambulance. The trial court concluded that the "case revolved around" the sum of $133.56, the difference between what appellee originally deemed reasonable to pay the ambulance company ($744.44) and the total bill ($878.00). *Id.* at 2. The court further noted, in pertinent part: "Defendant contends that Tri-Division Ambulance accepted the reduced payment made by 21st Century and did not seek reimbursement from Plaintiff and that Plaintiff assigned the claim at issue to Tri-Division Ambulance in December 2008 and that assignment divested Plaintiff of his right to sue for payment. Therefore, Plaintiff does not have standing to sue 21st Century. *** In the present case, there have been no depositions taken and practically no discovery has been conducted. Plaintiff contends that he *was* billed by Tri-Division Ambulance, yet he was unable to produce a bill at the Court's mediation session, despite that session having been requested by the parties and scheduled for over a month. ***." *Id.* at 2-3, emphasis in original.

**{¶24}** It is thus evident that the trial court utilized information it gleaned from a court-run mediation proceeding and not solely from the pleadings in order to address the pending 12(B)(6) motion and determine that three of four counts would thereby be dismissed. Upon review, we find the amended complaint contained sufficient allegations as to the four counts which should have, at minimum, survived a 12(B)(6) challenge. Furthermore, as we recognized in *CitiMortgage, Inc. v. Potvin*, Stark App.No. 2010CA00112, 2010-Ohio-6561, ¶ 25, under Loc.R. 16.02(A) of the Stark County Court of Common Pleas, General Division, "mediation" is intended to be a

"non-binding process involving a neutral mediator who acts as a facilitator to assist the parties to craft a mutually acceptable resolution for themselves." We hold, under the circumstances presented in this case, the trial court committed reversible error in utilizing the mediation process as a means of considering matters outside of the pleadings in order to rule on appellee's motion to dismiss under Civ.R. 12(B)(6).[2]

**{¶25}** Appellant's First Assignment of Error is sustained.

II.

**{¶26}** In his Second Assignment of Error, appellant contends the trial court erred in considering certain confidential information from the court's mediation proceedings. We disagree.

**{¶27}** Although appellant's argument is arguably moot in light of our above holding, we note that pursuant to R.C. 2710.02(B)(3), "[s]ections 2710.01 to 2710.10 of the Revised Code do not apply to a mediation in which *** [t]he mediation is conducted by a judge or magistrate who might make a ruling on the case." Although the trial court did not discuss the parameters of the issue of confidentiality under R.C. Chapter 2710 in its judgment entry of August 30, 2011, we find the confidentiality rules found in R.C. 2710.07 would not be applicable to the court-run mediation proceeding in this case, and we find no error per se on confidentiality grounds in the trial court's utilization of evidence or information obtained as a result of mediation.

**{¶28}** Appellant's Second Assignment of Error is overruled.

---

[2] Although appellant's brief focuses on Civ.R. 12(B)(6), we reach a similar conclusion at this point regarding Civ.R. 9(B) vis-à-vis appellant's fraud allegations.

*Cross-Appeal*

I.

{¶29} In its First Assignment of Error on cross-appeal, appellee contends the trial court erred in concluding that appellant's breach of contract claim was still valid despite a settlement offer.

{¶30} In support of its argument, appellee directs us to *Woods v. Oak Hill Community Med. Ctr., Inc.* (1999), 134 Ohio App.3d 261, 268 for the proposition that appellant has lost his "personal stake" in the controversy based on the purported offer appellee has made to settle the ambulance bill for the sum of $1,000.00. However, based on our prior holdings in the within appeal, we find this issue premature at this time. Moreover, it appears that the tender of any settlement offers would be dehors the pleadings, and it would be inconsistent with our previous rulings in this appeal for this Court to consider same at this juncture.

{¶31} Appellee's First Assignment of Error on Cross-Appeal is denied.

II.

{¶32} In its Second Assignment of Error on cross-appeal, appellee contends the trial court erred in failing to dismiss appellant's breach of contract claim for failure to prosecute. We disagree.

{¶33} "Trial judges are entitled to exercise considerable discretion in the management of the cases on their dockets[.]" *MBNA Am. Bank, N.A. v. Bailey,* Summit App.No. 22912, 2006-Ohio-1550, ¶ 10, additional citations omitted. Appellee correctly notes that there was no docket activity in this case from on or about December 31, 2009, when the case was remanded from federal court, until November 15, 2010, when

appellant filed his request for leave to amend his complaint. However, upon our review of the record, we find no basis to conclude that the trial court's maintenance of the action following this period of dormancy after federal remand constituted an abuse of the trial court's discretion.

**{¶34}** Appellee's Second Assignment of Error on Cross-Appeal is overruled.

**{¶35}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part and reversed in part. The trial court's dismissal with prejudice of appellant's amended complaint is hereby vacated. The matter is remanded for further proceedings consistent with this opinion.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0515

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


ESKIN KUHN, on behalf of himself and   :
All other persons similarly situated     :

                                   :

      Plaintiff-Appellant/Cross-Appellee   :

                                   :

-vs-                                :          JUDGMENT ENTRY

                                   :

21ST CENTURY INSURANCE COMPANY  :

                                   :

      Defendant-Appellee/Cross-Appellant :      Case No. 2011 CA 00232


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Costs to be split evenly.


                                 _____

                                 _____

                                 _____

                                      JUDGES