[Cite as *In re Blue Wesson 357 Magnus Serial No. B003628 Stainless Smith & Wesson Model 65-1 Serial No. 17688 Box of ammunition with 50 rounds*, 2016-Ohio-3279.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| BLUE WESSON 357 MAGNUM | : | Hon. William B. Hoffman, J. |
| SERIAL NO. B003628 | : | Hon. John W. Wise, J. |
| STAINLESS SMITH AND WESSON | : | |
| MODEL 65-1 SERIAL NO. 17688 | : | Case No. 16CA12 |
| BOX OF AMMUNITION WITH 50 | : | |
| ROUNDS | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case No. 2015-CV-0088


JUDGMENT: Reversed and Remanded


DATE OF JUDGMENT: June 3, 2016


APPEARANCES:

For Appellant

MICHAEL C. BEAR
38 South Park Street
Mansfield, OH 44902

Richland County Sheriff
73 East Second Street
Mansfield, OH 44902

Frank and Wendy Ritchie
1161 Beal Road
Mansfield, OH 44905

*Farmer, P.J.*

{¶1}   On January 25, 2016, appellant, the State of Ohio, filed a petition for interpleader for a determination of who was entitled to possess two firearms, specifically, a Blue Wesson 357 Magnum and a Stainless Smith & Wesson, and a box of ammunition with fifty rounds.   The firearms were in the possession of the Richland County Sheriff's Office due to "an emergency committal for mental health reasons."   Appellant alleged two individuals could have an interest in the property, Frank and Wendy Ritchie.   Appellant also alleged these two individuals "may or may not be able to purchase or own firearms pursuant to Ohio and Federal laws."   Appellant served the Sheriff's Office and Frank and Wendy Ritchie.

{¶2}   On February 2, 2016, Frank Ritchie filed a pro se, handwritten statement claiming the property belonged to him.

{¶3}   On February 23, 2016, the trial court sua sponte denied the petition and dismissed the case pursuant to Civ.R. 12(B)(1) and (H)(3), finding "no conflicting claims to the property in question" and therefore it did not have subject matter jurisdiction.

{¶4}   Appellant filed an appeal and this matter is now before his court for consideration.   Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED IN DISMISSING 2016-CV-0088 FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO OHIO CIV.R. 12(B)(1) AND 12(H)(3)."

II

{¶6}  "THE TRIAL COURT ERRED IN DISMISSING 2016-CV-0088 *SUA SPONTE* WITHOUT NOTIFYING THE PARTIES OR GIVING THEM AN OPPORTUNITY TO RESPOND."

III

{¶7}  "THE TRIAL COURT ERRED IN RELYING UPON THE HOLDING IN *CRAWFORD CNTY. SHERIFF'S DEP'T V. SEARS ROEBUCK & CO.,* 3D DIST. CRAWFORD NO. 3-04-05, 2004-OHIO-3898, AS THE FACTS OF THAT CASE ARE DISTINGUISHABLE FROM THE FACTS IN THE PRESENT CASE."

IV

{¶8}  "THE TRIAL COURT ERRED IN RELYING UPON THE HOLDING IN *CRAWFORD CNTY. SHERIFF DEP'T V. SEARS ROEBUCK & CO.,* 3D DIST. CRAWFORD NO. 3-04-05, 2004-OHIO-3898, AS IT IS POORLY REASONED PERSUASIVE AUTHORITY THAT HAS NEVER BEEN ADOPTED BY ANY OTHER OHIO APPELLATE COURT."

I

{¶9}  Appellant claims the trial court erred in sua sponte dismissing the petition for interpleader pursuant to Civ.R. 12(B)(1) and (H)(3).  We agree.

{¶10}  As explained by this court in *Flex Technologies v. American Electric Power Co., Inc.,* 5th Dist. Tuscarawas No. 2015 AP 01 0004, 2015-Ohio-3456, ¶ 8:

A Civ.R. 12(B)(1) motion allows a trial court to dismiss a complaint when the trial court lacks subject-matter jurisdiction at the time the

complaint was filed. The issue under Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock,* 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989), citing *Avco Fin. Servs. Loan, Inc. v. Hale,* 36 Ohio App.3d 65, 67, 520 N.E.2d 1378 (10th Dist.1987). Appellate courts review a decision to dismiss under such a motion de novo, employing the same standard as the trial court. *Howard v. Supreme Court of Ohio,* 10th Dist. Franklin Nos. 04AP-1093, 04AP-1272, 2005-Ohio-2130, 2005 WL 1022911, ¶ 6, citing *Kramer v. Installations Unlimited, Inc.,* 147 Ohio App.3d 350, 352, 2002-Ohio-1844, 770 N.E.2d 632 (5th Dist.).

{¶11} On January 25, 2016, appellant filed a petition for interpleader, seeking a determination as to who was entitled to possess the named property. The property was in the possession of the Richland County Sheriff's Office by virtue of "an emergency committal for mental health reasons." Appellant named two individuals who may have a right to claim ownership, Frank and Wendy Ritchie. Appellant also questioned whether Frank and/or Wendy Ritchie could own the firearms pursuant to Ohio and Federal laws.

{¶12} Civ.R. 22 governs interpleader and states the following:

Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the

titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

In such an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and leave of court. The court may make an order for the safekeeping, payment or disposition of such sum or thing.

{¶13} On February 2, 2016, Frank Ritchie filed a pro se, handwritten statement claiming to be the rightful owner of the property. Wendy Ritchie did not file an answer or otherwise respond. By judgment entry filed February 23, 2016, the trial court sua sponte, without providing notice to appellant, dismissed the petition pursuant to Civ.R. 12(B)(1) and (H)(3) which state the following:

(B)(1) Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required,

except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter.

(H)(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action.

{¶14} With Frank Ritchie's assertion claiming ownership, the trial court was vested with subject matter jurisdiction and a dismissal was not warranted. After the filing of Frank Ritchie's answer, the trial court could have set the matter for hearing and substantiated the claim of ownership and the right to ownership under Ohio and Federal laws. After such a determination, the trial court could have issued an order releasing the firearms thereby resolving the issue and closing the case.

{¶15} Assignment of Error I is granted. The remaining assignments of error are moot.

{¶16} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.


SGF/sg 0519